THE STATE OF KANSAS v. GEORGE C. OTIS.

No. 11279.

TRANSPORTATION TO SHIPPERS—*Statute Construed.* Chapter 167, Laws of 1897, Gen. Stat. 1897, ch. 70, §§ 67–69, purporting to require railroad companies to furnish free transportation to shippers of live stock in certain cases, and providing remedies and penalties for violations of its provisions, has no application to or effect upon interstate shipments.

Appeal from Russell district court; LEE MONROE, judge. Opinion filed February 11, 1899. Affirmed.

*L. C. Boyle*, attorney-general, and *J. C. Ruppenthal*, county attorney, for The State.

*A. L. Williams, N. H. Loomis*, and *R. W. Blair*, for appellee.

The opinion of the court was delivered by

JOHNSTON, J.: An information was filed in the district court of Russell county in which an attempt was

made to charge George C. Otis with a violation of chapter 167, Laws of 1897 (Gen. Stat. 1897, ch. 70, §§ 67–69), which requires railroad companies to furnish free transportation to shippers in certain cases. The defendant was a station agent for the Union Pacific, Lincoln & Colorado Railroad Company, at Luray, Kan., and the substance of the charge against him is that one Thomas Thompson delivered a car-load of cattle at Luray for transportation over the railroad to Kansas City, Mo. ; that Thompson accompanied the cattle and was carried free over the road to the point of destination, but that defendant Otis, who had authority to and usually did issue return transportation to shippers of two or more car-loads of cattle, refused to issue return transportation to Thompson from Kansas City, Mo., to his home in Kansas, and he was therefore compelled to pay his fare.

The court on motion quashed the information and discharged the defendant from custody. The state appeals, and the question presented is, Do the facts stated constitute a violation of the statute? It provides :

"Section 1. Whenever any railroad company or corporation doing business within the limits of this state shall receive and ship any live stock by the car-load, said company, in consideration of the usual price paid for the shipment of said car, shall pass the shipper or his employee to and from the point designated in the contract or bill of lading, without further expense to the shipper in the way of fare : *Provided, however*, that in all cases where a shipper ships more than one car-load of stock at the same time the said railroad company shall be and is hereby required to pass free, as aforesaid, only one additional person, shipper or employee for every three car-loads shipped in addition to the first car-load."

Assuming, but not deciding, that the law is valid as

a regulation of shipments between points in Kansas, it certainly is without effect as to shipments from one state to another. It has been so long settled and the adjudications are so numerous that citations of authority are not necessary to show that the regulation of commerce among states belongs exclusively to congress, and that any attempt by state legislation to regulate, burden or impede interstate commerce is a violation of the commercial clause of the federal constitution. There is nothing in the act itself indicating a legislative purpose to usurp the functions of congress or to make the act apply to other than traffic within the state; in fact, the language of the first section of the act expressly refers to railroad companies and corporations "doing business within the limits of this state," and the implication is that the act was only intended to apply to such corporations and to business of the character named. We assume that the legislature was acquainted with the constitutional limitation, and therefore did not intend that the act should apply to interstate commerce; but if it was intended to apply to commerce of that character it would be repugnant to the constitution of the United States and therefore void.

That the shipment in question was interstate there can be no doubt, as it was expressly alleged to be from a place in Kansas to a place in Missouri. Although the destination of the cattle was in an adjoining state, the transaction is as clearly interstate commerce as if the destination was New York city. It was expressly averred that the shipment was made to Kansas City, Mo., and the alleged culpable act on which the penalty of the law is invoked is the refusal of the defendant to furnish transportation from a point in Missouri to a point in Kansas. As the shipment was clearly

interstate commerce, it was not regulated or affected by the statute in question, nor was the defendant subject to the penalties of the statute for alleged non-compliance with the same.

The judgment of the district court will be affirmed.