THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY
v. CHARLES SINCLAIR *et al., as Partners, etc.*
No. 15,117.   (94 Pac. 123.)

. SYLLABUS BY THE COURT.

RAILROADS—*Free Transportation to Shippers of Live Stock—
Interstate Commerce.* The case of *The State v. Otis,* 60 Kan.
248, 56 Pac. 14, followed, and *held,* that chapter 354 of the
Laws of 1905, providing that railroad companies shall fur-
nish free transportation to shippers of live stock in certain
cases, and authorizing actions to be brought to recover penal-
ties for its violation, has no application to interstate ship-
ments.

Error from Anderson district court; CHARLES A.
SMART, judge.   Opinion filed February 8, 1908.   Re-
versed.

*John Madden,* and *W. W. Brown,* for plaintiff in
error.

*Noah L. Bowman,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: The firm of Sinclair & Wallace shipped
a car-load of stock from Kincaid, Kan., to Kansas City,
Mo., over plaintiff in error's road.   Transportation to
Kansas City was furnished one of the firm, who accom-
panied the stock, but the railway company refused his
request for free passage back to Kincaid and he was
obliged to pay his return fare.   The firm then brought
this action, under chapter 354 of the Laws of 1905, to
recover double the fare paid and an attorney's fee.   The
action was begun in a justice court and transferred to
the district court, where it was tried to a jury.   Plain-
tiffs recovered judgment for $5.10, and $35 attorney's
fee.   The railway company brings error.

Plaintiffs' bill of particulars alleged that the stock
was shipped from Kincaid to Kansas City, Mo., and
that the demand was for return transportation between

these places. Plaintiffs' proof established both allegations. Defendant demurred to the evidence, but the demurrer was overruled. A peremptory instruction to find for defendant was also refused, and the jury were instructed in substance that, if they found the facts to be true as alleged, then under the law plaintiffs were entitled to recover. All of these rulings were erroneous. Under the claim as set out in the bill of particulars and as proved the shipment was interstate. The exact question, except that it arose under the statute of 1897 which contained substantially the same provisions, was decided in *The State v. Otis,* 60 Kan. 248, 56 Pac. 14, and the point is ruled by the decision in that case. It was there said:

"Assuming, but not deciding, that the law is valid as a regulation of shipments between points in Kansas, it certainly is without effect as to shipments from one state to another."

The act under consideration in the present case relates to the transportation by railroad companies of shipments of live stock, and provides penalties for the violation thereof. (Laws 1905, ch. 354.) It requires any railroad company doing business within the limits of the state, and shipping any live stock by the car-load, to furnish the shipper or his employee transportation to the point of destination on the train in which the stock is shipped and back again to point of shipment on passenger-trains, free of expense to the shipper.

The validity of the act is assailed by defendant on numerous grounds which we deem it unnecessary to consider, for the reason that, like the act of 1897, it could not apply to, and does not purport to affect, the conduct of railroad companies in shipments of live stock from a place within to a place without the state —shipments which are interstate in character.

Plaintiffs in their brief and on the oral argument make two suggestions: that the shipment was not interstate, because the stock was actually unloaded at the

stock-yards in Kansas City, Kan., and the written contract gave the destination as Kansas City, without mentioning the state; also, that the company agreed in the written contract to furnish free passage from point of destination to point of origin, and is bound thereby. These contentions are without merit, and appear to be urged here for the first time. The bill of particulars alleged, the proof established and the instructions to the jury were predicated squarely upon the claim that the shipment was from Kincaid to Kansas City, Mo.; that the demand was for return transportation from there; and that the fare was paid at Kansas City, Mo., for return from there to Kincaid. Besides, and this is a complete answer to both contentions, the action as brought is purely statutory and seeks to recover the penalty provided therein. The judgment for attorney's fees and double the amount of fare paid could not have been recovered in an action based upon the contract.

As the judgment should have been for defendant, the cause is reversed and remanded for further proceedings.